FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 22 2003

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANAS
WESTERN DIVISION 4

HAZEL JONES, Personal
    Representative, the Estate of
    James A. Enos, Deceased

4=03=CV·00277 JMM ·  PLAINTIFF

v.

POPE COUNTY, ARKANSAS; and
    JAY WINTERS;

DEFENDANTS

## COMPLAINT

This case assigned to District Judge *Moody*
and to _____ *Jones*

For her complaint against the defendants, the plaintiff states as follows:

### JURISDICTION AND VENUE

1.    This action arises under 42 U.S.C. § 1983, the United States Constitution, particularly under the provisions of the Fourth, Eighth, and Fourteenth Amendments thereto, and the Arkansas Constitution, as hereinafter more fully appears. This Court has jurisdiction to hear this action under the provisions of Title 28 U.S.C. §§ 1331, 1343, and 1367. This Court has personal jurisdiction over the defendants. Because the actions complained of occurred in Pope County, Arkansas, venue lies in this district.

### PARTIES

2.    The plaintiff is the personal representative of the Estate of James Enos, deceased; she is James A. Enos' mother.



3.    Defendant Pope County, Arkansas, is a political subdivision of the State of Arkansas and is a body politic and corporate.  Defendant Jay Winters is the Sheriff of Pope County.

## BACKGROUND

4.    Winters has the custody, rule, and charge of the jail within Pope County and all prisoners committed to the Pope County Jail.   Winters is responsible for managing the operations of the Pope County jail in compliance with the laws and constitution of the State of Arkansas and within the requirements of the United States Constitution.

5.    Pope County through its quorum court has the duty to prescribe the method and procedure for keeping prisoners confined in the county jail.

## FACTS

6.    James Enos entered Pope County Jail on October 14, 2000, and was confined there on January 6, 2001.

7.    On January 6, 2001, Winters caused Enos to work.

8.    In doing so, Winters acted under the color of the statutes, ordinances, regulations, customs, and usages of Pope County and the State of Arkansas, and under the authority of his office as Sheriff.

9.    Winters caused Enos to perform the task of repairing a roof at a warehouse.

10.    Enos was not skilled or trained at repairing roofs.

11.    Winters violated state and federal safety laws and regulations and otherwise failed to provide a safe work environment in which Enos was made to work.

12.    Winters worked Enos with reckless and  callous indifference to the risk that Enos might suffer a serious injury.

13.    The warehouse was owned by the Main Street Mission.

14.    The warehouse was not a "workhouse, farm, road, street, bridge, or other public work ... owned, operated, or conducted by the State of Arkansas, any county thereof, or a city or incorporated town within the State of Arkansas," within the meaning of Ark. Code. Ann. § 12-42-105 and 12-42-111, and was not otherwise for the benefit of the county.

15.    Winters' working prisoners on property that was not workhouse, farm, road, street, bridge, or other public work owned, operated, or conducted by or otherwise for the benefit of the State of Arkansas, Pope County, or a city or incorporated town within the State of Arkansas, was not a random, unauthorized act; it was a policy, custom, or practice of Pope County.

16.    Winters' working Enos without complying with applicable safety regulations, such as the Arkansas Department of Labor's Basic Safety Manual, and working Enos in a business or avocation that would tend to impair his health was

not a random, unauthorized act; it was a policy, custom, or practice of Pope County.

17.   While working on the warehouse roof, Enos fell through a skylight and landed on the concrete floor, approximately thirty feet below.

18.   Enos suffered fear and incurred serious injuries.  He was first transported to a local hospital, where he was stabilized, and then flown by helicopter to a hospital in Little Rock.  Enos incurred substantial bills for his medical care.  He died later that same day.

19.   Defendants caused Enos to be subjected to the deprivation of his rights to life and property without due process of law and the right to be free from the imposition of cruel or unusual punishment.

20.   Defendants acted with reckless and  callous indifference to Enos' constitutional rights.

21.   Defendants violated 42 U.S.C. § 1983 and Ark. Code. Ann. § 16-123-105 (Arkansas' civil rights statute).  The plaintiff is entitled to recover her cost of litigation, including a reasonable attorneys' fee.

### DAMAGES

22.   The plaintiff brings this survival action on behalf of the Estate of James Enos for damages Enos suffered prior to death and this wrongful death action on behalf of the survivors of James Enos and for damages they incurred by his death.

23.   James Enos is survived by his 8 year old daughter, several brothers and sisters, and the plaintiff, among others.  Enos' 8 year old daughter, Stormy, must now be raised by the plaintiff, because Stormy's own mother died when Stormy was an infant.

24.   As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has been damaged as follows:

   a. James Enos' emotional and physical pain and suffering;

   b. James Enos' loss of life;

   c. James Enos' medical expenses;

   d. James Enos' funeral expenses;

   e. James Enos' loss of future earnings;

   f. Statutory beneficiaries' pecuniary injuries, including the value of benefits, including money, goods, and services, that James Enos would have contributed to Stormy and others;

   g. Statutory beneficiaries' mental anguish, including, but not limited to;

      i. Stormy's loss of her father's affectionate care and attention, parental love, instruction, and training; and

      ii. Stormy's loss of her only surviving parent;

   h. Punitive damages; and

   i. Costs of litigation, including attorneys' fees.

25.Plaintiff demands a jury trial.

WHEREFORE, Plaintiff demands judgment against Defendants for damages

and costs.

> Respectfully submitted,
> GILL ELROD RAGON OWEN & SHERMAN, PA
> 3801 TCBY Tower
> 425 West Capitol Avenue
> Little Rock, Arkansas 72201
> (501) 376-3800

By: _____

Drake Mann, Arkansas Bar number 87108